## CHAPPELL *v.* BRADSHAW.

*(Circuit Court, D. Maryland. May 16, 1888.)*

SHIPPING—LIMITING LIABILITY.

A lighter, valued at $300, drifted from her moorings December 3, 1885, while on fire, and, coming into collision with a schooner owned by B., damaged her $1,500. The lighter proving a total loss, B. sued C., who owned the lighter, in the state court, and got judgment against him for $1,500. C. then filed a libel in the federal courts to restrain B. from enforcing his judgment beyond the value of the lighter. *Held,* that the libel should be dismissed; the act of congress of June 19, 1886, (24 U. S. St. p. 80,) extending the limited liability of owners to all vessels, not being retroactive, and the provisions of the act of March 3, 1851, (9 U. S. St. p. 635,) excepting lighters from the limitation of liability therein granted to ship-owners, not being repealed by the act of congress of June 26, 1884, (23 U. S. St. p. 57.)

In Admiralty.

*Fisher, Bruse & Fisher,* for libelant.

*Hammond & Haman,* for respondent.

BOND, J. This is a libel filed by Thomas C. Chappell to have his liability for damage in a cause of collision limited to the extent only of

the value of the vessel in fault which was owned by him.    The facts-
which are undisputed are these:   On the night of the 3d of December,
1885, in the Patapsco river, a lighter of the value of $300, owned by
libelant, drifting from her moorings was carried by the wind into collis--
ion with a schooner belonging to John B. Bradshaw, the respondent here.
The lighter was on fire, and damaged the schooner to the extent of
$1,500.   The lighter became a total loss, and is valueless.   On January
6, 1886, Bradshaw brought suit in a state court of Maryland to recover
the damages occasioned by alleged negligence of Chappell in the conduct
and management of the lighter, and on the 6th day of December, 1887,
recovered in that action a verdict for $1,500.   The prayer of the libel is
that Bradshaw may be restrained from attempting to enforce the judg-
ment against the defendant beyond the value of his ownership in the lost.
lighter.

The question presented for adjudication is whether the provisions of
any act of congress limiting the liability of vessel owners are applicable
to the case of an owner of a lighter where the accident occurred on the
3d day of December, 1885.   The first act passed by congress relating to
liability of ship-owners was the act of 1851,[1] which is incorporated in
sections 4282–4289 of the Revised Statutes, the last of which sections
provides that it shall not apply to the owners of canal-boats, lighters, or
barges; and, so far as the act of 1851 is concerned, it can have no ap-
plication to the facts in this case, unless some subsequent legislation has
given it such application.   In 1884[2] congress passed another act in rela-
tion to the subject, which is found in 23 St. at Large, c. 121, § 18, which
is in the following words:

"Sec. 18.  That the individual liability of a ship-owner shall be limited to the-
proportion of any or all debts and liabilities that his individual share bears to
the whole; and the aggregate liabilities of all the owners of a vessel on account
of the same shall not exceed the value of such vessel and freight pending."

The section then provides that it shall not apply to liabilities incurred
prior to its passage, nor prevent all the owners being joined in one ac-
tion.    It will be seen upon comparing this section with the act of 1851,
embraced in sections 4282–4289, inclusive, in the Revised Statutes, that
while the act of 1851 related to losses occurring to freighters by reason
of fire, collision, embezzlement, the act of 1884, limits responsibility
of all ship-owners for any and all debts and liabilities.    This act, whether
it be an amendment to the act of 1851 or an independent statute, can-
not be construed to repeal the last section of the act of 1851, relating
to the liability of owners of barges and lighters, because it refers only
to the liability of ship-owners, and their vessels, which must mean ships;
and there are no words in it which signify that it was intended to be a.
repealing statute.    It appears to be another section intended to take its
place at the end of the act of 1851 as that act is given in the Revised
Statutes.    It is another section extending the exemption of the ship-
owners to all or any debts and liabilities of the ship, except seaman's

[1] Act of March 3, 1851, (9 U. S. St. p. 635.)
[2] Act of June 26, 1884, (23 U. S. St. p. 57.)

wages, and liabilities incurred before the passage of the act of 1884. Where a subsequent statute can be so construed as not to bring it in direct conflict with an antecedent law, it will not be held by the courts to repeal the former statute. Repeals by implication are seldom allowed, and to do so in this instance would be to do violence to the intention of congress, which appears clearly to have been to extend the act of 1851 to exempt ship-owners from liabilities not embraced in that act, but not to embrace another class of vessel owners.

But after the bringing of the action by Bradshaw against Chappell, before mentioned, and prior to the recovery of the sum of $1,500 by the judgment of the state court therein, congress passed the act of 1886,[1] which extended the exemption of ship-owners and the provisions of the acts of 1851 and 1884 to the owners of barges, canal-boats, and lighters, and to all vessels used on lake and river or inland navigation. Congress put upon the act of 1884, by the passage of this act, the construction we have given it above; for, if it had at first applied to canal-boats and lighters, it would not have been necessary to pass the act of 1886. But it is contended that the act of 1886 is retroactive, and that, as it does not contain the saving clause of the act of 1884 referring to liabilities incurred prior to the passage of the act, it must be held to include them. As a rule no statute is to be given a retroactive operation unless it appears to be the undoubted will of the legislature to make it retroactive. All laws are supposed to determine matters *in futuro* occurring after their passage, and no statute should be construed to embrace past relations where to do so would affect not only the remedy, but the value of claims or demands or interests. Now, on the 3d of December, 1885, it is determined by the judgment of the state court that Bradshaw suffered at the hands of Chappell damages to the extent of $1,500, for which he was entitled to be compensated out of the whole estate of the defendant. To hold that while the plaintiff was seeking to enforce compensation for the loss he had suffered, congress passed the act of 1886, not to alter a remedy, but to take away the substantial value of his claim, is to determine that congress did a very unjust thing; and though it was perhaps within the power of congress so to do, the rule that, where such intention is not clearly expressed, the statute shall be construed to apply only to liabilities arising after its passage, ought not to be reversed to give the law that effect.

I am of opinion that the act of 1886 has no application to liabilities incurred previous to its passage. The libel will be dismissed, with costs.

[1] Act of June 19, 1886, (24 U. S. St. p. 80.)